His Honor, JOHN ST. PAUL,
rendered the-opinion and decree of the Court, as follows:
The defendant contracted in his own name to haul certain cross ties for a railroad company for which he receved $450.00. Plaintiff was to receive one-half of the net profits for overseeing the work.
It is contended by defendant that the contract was made on behalf of his wife, but upon the sole ground that at the time he was administering for account of his wife •a plantation which was her separate property and the teams to be used belonged to said plantation.
*204 Opinion and decree, February 14th, 1916.
Rehearing refused, March 13th, 1916.
But this is a non sequitur, since hauling for outside parties was no part of the plantation work, and the contrary is implied by the fact that plaintiff, although a salaried employee of the plantation, was to receive extra compensation for his' services in this matter.
The trial Judge fixed the plaintiff’s share in the net profits at $146.32 for which he gave judgment.
In fixing these profits the trial Judge found that the labor, that is wages of drivers, amounted to $54.06. It is contended that he should have found $112.50, that is to say, 90 days at $1.25. This is upon the hypothesis that none but two mule teams were used in doing the work, the contract being “five dollars a day per pair of mules, and a driver with slip or cart. ’ ’ (Frey, p. 29.)
But the railroad paid $10.00 per day for four mule .teams (Hotard, p. 9) and the original memorandum of the work done (Document 31) offered by defendant himself (Hotard’s testimony, p. 18j shows that four mule wagons were used almost exclusively; and the railroad company paid on that basis.
The judgment appealed from seems to- us correct.
Judgment-affirmed.